UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GERALDINE RICHWALDER as Executrix of the
  Estate of Helen Richwalder, deceased,

                              Plaintiff,

               v.

UNITED STATES DEPARTMENT OF LABOR,

                              Defendant.
_____

REPORT
and
RECOMMENDATION

13-CV-00325A(F)

APPEARANCES:      RICHARD A. GALBO, ESQ.
                     Attorney for Plaintiff
                     1830 Liberty Building
                     420 Main Street
                     Buffalo, New York  14202

                     MARK C. RODGERS, ESQ.
                     Attorney for Plaintiff
                     424 Main Street
                     Suite 1100
                     Buffalo, New York  14202

                     WILLIAM J. HOCHUL, JR.
                     UNITED STATES ATTORNEY
                     Attorney for Defendant
                     MARY K. ROACH
                     Assistant United States Attorney, of Counsel
                     Federal Centre
                     138 Delaware Avenue
                     Buffalo, New York  14202

## JURISDICTION

    This case was referred to the undersigned by Honorable Richard J. Arcara on

June 18, 2013, for all pretrial matters including preparation of a report and

recommendation on dispositive motions.  The matter is presently before the court on

Defendant's motion to dismiss (Doc. No. 8), filed June 17, 2013, and Plaintiff's motion

for summary judgment (Doc. No. 12), filed September 13, 2014.

## **BACKGROUND**

On April 1, 2013, Plaintiff Geraldine Richwalder ("Plaintiff" or "Richwalder"), as

Executrix of the Estate of Helen Richwalder, deceased, filed a complaint (Doc. No. 1)

("Complaint"), commencing this action against Defendant United States Department of

Labor ("Defendant" or "DOL"), seeking relief pursuant to the Energy Employees

Occupational Illness Compensation Program Act, 42 U.S.C. § 7384 *et seq.* ("EEOICPA"

or "the Act").  In particular, Plaintiff, the daughter of Emil and Helen Richwalder,

challenges the refusal by Defendant United States Department of Labor ("DOL" or

"Defendant") to pay benefits under Part E of the Act awarded Plaintiff's mother, Helen

RIchwalder ("Helen Richwalder"), as the surviving spouse of Emil Richwalder ("Emil

Richwalder"), to Helen Richwalder's estate.

On June 17, 2013, Defendant filed a motion to dismiss (Doc. No. 8)

("Defendant's Motion"), seeking to dismiss the action under Fed.R.Civ.P. 12(b)(1) ("Rule

12(b)(1)"), for lack of subject matter jurisdiction or, alternatively, under Fed.R.Civ.P.

12(b)(6) ("Rule 12(b)(6)"), for failure to state a claim, and Defendant's Memorandum in

Support of Motion to Dismiss (Doc. No. 9) ("Defendant's Memorandum").  In opposition

to Defendant's Motion, Plaintiff filed on September 13, 2013, Plaintiff's Motion for

Summary Judgment (Doc. No. 12), supported by the attached Plaintiff's Statement of

Undisputed Material Facts (Doc. No. 12-1) ("Statement of Facts"), the Affidavit of

Geraldine Richwalder in Opposition to Defendant's Motion to Dismiss and in Support of

Plaintiff's Motion for Summary Judgment (Doc. No. 12-2) ("Plaintiff's Affidavit"), and

Exhibits A through N (Doc. No. 12-3) ("Plaintiff's Exh(s). __"), and the separately filed

Plaintiff's Memorandum in Support of Motion for Summary Judgment and in Opposition

to Defendant's Motion to Dismiss (Doc. No. 14) ("Plaintiff's Memorandum").   On

September 30, 2013, Defendant filed Defendant's Reply Memorandum of Law in

Response to Plaintiff's Opposition to Motion to Dismiss (Doc. No. 15) ("Defendant's

Reply").   Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion should be DENIED insofar as it

seeks dismissal for lack of jurisdiction, and GRANTED as to the alternative request to

dismiss for failure to state a claim; Plaintiff's Motion seeking summary judgment should

be DISMISSED as moot.


## **FACTS**[1]

The EEOICPA, enacted by Congress in 2000, is a compensation program for

employees suffering from certain illnesses attributable to exposure to radiation and

other toxic substances while performing work related to nuclear weapons production

and testing programs for the United States Department of Energy ("DOE"), its

predecessor agencies, and certain contractors and subcontractors.   42 U.S.C. §§ 7384,

7384(d).   EEOICPA Part B ("Part B"), provides covered employees or their eligible

survivors with a lump-sum payment and medical benefits for certain illnesses from

radiation, beryllium, or silica exposure while working at DOE facilities, or contracted and

subcontracted facilities, and EEOICPA Part E ("Part E"), provides covered employees or

their eligible survivors lump-sum payments and medical benefits based on the worker's

---

[1] Taken from the pleadings and motion papers filed in this action.

permanent impairment and calendar years of qualifying wage-loss.  20 C.F.R. § 30.0.

Benefits under both Parts B and E are subject to the same administrative provisions for

all claims under the EEOICPA.  *Id.*  Further, if there is no surviving spouse, Part B

benefits can be paid in equal shares to all children of the covered employee alive at the

time of payment, 42 U.S.C. § 7384s(e)(1)(B), whereas Part E benefits can be paid only

to a  covered child defined as a child of the covered employee who, at the time of the

employee's death, was under the age of 18, a full-time student under the age of 23, or

any age but incapable of self-support.  42 U.S.C. § 7385s-3(d)(2).

Claims filed under the EEOICPA are administered by the DOL's Division of

Energy Employees Occupational Illness Compensation ("DEEOIC").  42 U.S.C. §

7384d(a) (providing "[t]he President shall carry out the compensation program through

one or more Federal agencies or officials, as designated by the President."); and Exec.

Order No. 13179, 65 Fed.Reg. 77487 (Dec. 7, 2000) (delegating authority to the

Secretary of Labor to "[a]dminister and decide all questions arising under the Act . . .

including determining the eligibility of individuals with covered occupational illnesses

and their survivors and adjudicating claims for compensation and benefits.").  Congress

has appropriated $ 250 million to the Energy Employees Occupational Illness

Compensation Fund for payment of such claims.  42 U.S.C. § 7384g(b).  A person

seeking EEOICPA benefits must file a claim with the DOC's Office of Workers'

Compensation Programs ("OWCP"). 20 C.F.R. §§ 30.100 & 30.101.  *See* 20 C.F.R. §

30.2(a) (providing that because "the Secretary of Labor has been assigned primary

responsibility for administering EEOICPA, almost the entire claims process is within the

exclusive control of OWCP, and OWCP is responsible for granting or denying compensation under the Act.").

After reviewing a claim a recommended decision is issued by OWCP, 20 C.F.R. § 305, after which the claimant has 60 days to file objections with the DEEOIC's Final Adjudication Branch ("FAB") and request a hearing.  20 C.F.R. § 30.310.  Alternatively, the claimant can submit a written waiver of the right to object to the FAB, thereby permitting the FAB to issue its final decision prior to the end of the 60-day period for filing objections.  20 C.F.R. § 30.311.  If the claimant fails to timely file any objections or waiver, the FAB issues it final decision at the end of the 60-day period in which to object or waive.  *Id.*  After the FAB issues its final decision, a request for reconsideration must be made by the claimant within 30 days and if a timely request is made, the decision is no longer considered final.  20 C.F.R. § 30.319(a).  If no timely request is made, the decision is considered final at the end of the 30-day period to request review.  20 C.F.R. § 30.319(b).  Because no hearing is available as part of the reconsideration process, after granting a request for reconsideration of a final decision, a new final decision is issued which is considered final as of the date the new final decision issues.  20 C.F.R. § 30.319(c).  If a claimant agrees with the OWCP's award of benefits under the EEOICPA, the claimant must complete an Acceptance of Payment form EN-20 ("EN-20 form"), on which the claimant can designate whether payment should be by direct deposit into the claimant's account at a financial institution, or by check.  20 C.F.R. § 30.316.  Failure to return a completed EC-20 to the OWCP within 60 days of the final decision is deemed a rejection of payment.  *Id.*

A claimant may qualify for compensation under the Act based on a claim of cancer caused by exposure to radiation during employment at a DOE facility by demonstrating the cancer is "at least as likely as not," *i.e.*, at least a 50% probability, that the cancer was caused by such exposure.  Upon filing such claim with the OWCP, the claim is forwarded to the National Institute for Occupational Safety and Health ("NIOSH"), for a reconstruction or estimation of the amount of radiation exposure during the claimant's employment.  20 C.F.R. §§ 30.100, 30.101, 30.115, and 30.210.  The NIOSH's dose reconstruction considers such factors as duration of employment. Causation, however, is statutorily presumed if the claimant qualifies as a member of the Special Exposure Cohort ("SEC") as defined under 42 U.S.C. §§ 7384*l*(14), 7384*o*, and 7384q. In other words, if a claimant meets the criteria of an SEC and has a specified cancer, a recommended decision awarding EEOICPA benefits will issue without requiring any further documentation and development of the claim.  The Department of Health and Human Services ("HHS") "has exclusive control of the process for designating classes of employees to be added to the [SEC] . . . ."  20 C.F.R. § 30.2.

In this case, Emil Richwalder worked for Electro Metallurgical, also known as Union Carbide Corp., in Niagara Falls, New York, from April 30, 1941 until July 1, 1982, and was diagnosed with colon cancer on October 3, 2003, which caused his death on December 21, 2004.  Electro Metallurgical is recognized by the DOL as a covered DOE facility between 1942 to 1953.  On July 27, 2006, Helen Richwalder, as Emil Richwalder's surviving spouse, filed a claim for survivor benefits under both Parts B and E of the EEOICPA ("the claim"), attributing Emil Richwalder's death from colon cancer to his employment at Electro Metallurgical.  On May 28, 2008, the DOL issued a

recommended decision ("Initial Recommended Decision") that the claim be denied under both Parts B and E based upon a determination that there was only a 28% probability that Emil Richwalder's colon cancer was caused by radiation exposure at Electro Metallurgical, which was below the threshold 50% or greater probability ("at least as likely as not") requirement for awarding benefits under the Act.  Because Helen Richwalder did not appeal the Initial Recommended Decision, on August 11, 2008, the FAB issued its First Final Decision[2] denying the claim.

On June 10, 2012, the Secretary of HHS added a new class of workers to the SEC, comprised of certain employees of Electro Metallurgical who worked in Niagara Falls for at least 250 days between August 13, 1942 and December 31, 1947.  Because Emil Richwalder's initial claim indicated he met this criteria for SEC membership eligibility, on July 30, 2012, the Director of the DEEOIC vacated the August 11, 2008 Final Decision and reopened the claim.  On August 14, 2012, the DOL issued a recommended decision ("Second Recommended Decision"),[3] that the claim for Emil Richwalder's colon cancer be accepted with Helen Richwalder to be awarded a lump sum payment of $ 150,000 under Part B, and an additional lump sum payment of $ 125,000 under Part E of the Act.  Helen Richwalder filed a written waiver of her right to object, thereby allowing the FAB to issue its final decision before the 60-day period to object ended.  On September 14, 2012, the OWCP, having received written notification of Helen Richwalder's waiver of her right to object to the Second Recommended Decision, issued a final decision ("Second Final Decision"),[4] enclosing an EN-20

---

[2] Complaint Exh. A.
[3] Complaint Exh. C.
[4] Complaint Exh. D.

Payment Information form ("First EN-20"),[5] on which to indicate whether Helen

Richwalder preferred to receive the awarded benefits by electronic funds transfer or by

check, as well as instructions ("EN-20 Instructions"),[6] advising the EN-20 had to be

completed and returned within 60 days or payment would be deemed rejected as a

result of such failure.  On October 24, 2012, Plaintiff, acting as attorney-in fact for Helen

Richwalder, completed the First EN-20 and sent it by overnight mail to OWCP.  OWCP

received the completed First EN-20 on October 25, 2012, but then sent a new EN-20

("Second EN-20") with a letter explaining an incorrect account number of the First EN-

20 rendered the First EN-20 unusable, but that "[p]ayment will be processed" upon

receipt of the completed Second EN-20,[7] which included the correct account number for

the claim.  On October 31, 2012, Plaintiff, again acting as attorney-in-fact for her

mother, completed and signed the Second EN-20, and sent it to the OWCP by overnight

mail to the OWCP where it was received on October 31, 2012.  Helen Richwalder died

on November 1, 2012.

By letter dated November 14, 2012 ("November 14, 2012 Letter"),[8] OWCP

advised that it had been notified of Helen Richwalder's death and requested a copy of

the death certificate so that OWCP could close the claim as to Helen Richwalder.

Specifically, although the benefits awarded under Part B could be paid to Emil

Richwalder's surviving children upon their making application for them, pursuant to 20

C.F.R. § 30.101(c), the benefits awarded under Part E could only be paid to a surviving

spouse alive at the time of payment.  By letter to FAB dated December 21, 2012

---

[5] Complaint Exh. F.
[6] Complaint Exh. E.
[7] Complaint Exh. G.
[8] Complaint Exh. I.

("December 21, 2012 Objections"),[9] Plaintiff objected to OWCP's denial of payment

which Plaintiff attributed to the DOL's negligence in initially providing an EN-20 that was

rendered useless by the incorrect account number pre-printed on it by Defendant, and

requested a hearing.  By letter dated January 31, 2013 ("January 31, 2013 Letter"),[10]

OWCP explained that although a final decision had been issued granting Helen

Richwalder survivor benefits under the Act, Helen Richwalder passed away before

payment of the benefits could be completed, and because the Act prohibits payment to

deceased persons, no funds could be released after Helen Richwalder's death.  OWCP

further explained that Plaintiff's request for a hearing was denied because formal

decision regarding the actual payment of funds are not issued, such that there could be

no entitlement to a hearing regarding the issue.  OWCP concluded by advising Plaintiff's

claim filed as a surviving child under the Act was being processed.

On April 1, 2013, Plaintiff commenced this action challenging Defendant's refusal

to pay the benefits awarded Helen Richwalder under the Act to Helen Richwalder's

estate.

## DISCUSSION

**1.      Defendant's Motion to Dismiss**

Defendant's Motion seeks to dismiss the Complaint under Rule 12(b)(1) for lack

of subject matter jurisdiction or, alternatively, pursuant to Rule 12(b)(6) for failure to

state a claim.  Defendant initially argues that § 7385s-6(a), on which Plaintiff relies as

the judicial basis for the waiver of sovereign immunity under the Act, does not provide a

---

[9]  Complaint Exh. J.
[10] Complaint Exh. K.

waiver of sovereign immunity insofar as Plaintiff challenges Defendant's refusal to pay EEOICPA benefits awarded Helen Richwalder because OWCP's January 13, 2013 Letter was not a final decision under the Act.  Defendants' Memorandum at 9-11. Alternatively, Defendant argues the Complaint fails to state a claim because Plaintiff is requesting DOL to make a payment that is not authorized under the Act and, as such, would be in violation of the Appropriations Clause, U.S. Const. Art. I, § 9, cl. 7.  *Id.* at 12-16.  In opposition to Defendant's Motion, Plaintiff filed a motion for summary judgment, asserting the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* ("APA"), as the jurisdictional basis for the action, Plaintiff's Memorandum at 6-14, and arguing that, as a matter of law, the January 13, 2013 Letter denying payment of benefits awarded Helen Richwalder to Helen Richwalder's estate was arbitrary and capricious, *id.* at 14-17, and that payment of such benefits would not violate the Appropriations Clause.  *Id.* at 17.  In further support of dismissal, Defendant argues that assuming there is jurisdiction over Plaintiff's claim pursuant to the APA, the Complaint fails to state a claim for which relief can be granted because Defendant's refusal to pay the EEOICPA benefits awarded Helen Richwalder to Helen Richwalder's estate was not arbitrary or capricious.  Defendant's Reply at 5-7.

Preliminarily, the court observes that although Plaintiff challenges Defendant's refusal to pay EEOICPA benefits under both Parts B and E, Plaintiff has made a separate claim for the Part B benefits which she would be entitled to receive as a surviving child of her father.  It thus appears Plaintiff is only challenging Defendant's refusal to pay Part E benefits to Helen Richwalder's estate, although the Complaint does not specifically state so.  Nor does Plaintiff allege that she qualifies as a "covered

child" as defined under Part E so as to be entitled to the Part E EEOICPA benefits awarded to Helen Richwalder.

### A.    Lack of Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed.R.Civ.P. 12(b)(1)).  "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the compliant (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citing *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).  "[T]he party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'"  *Id.* (quoting *Makarova*, 201 F.3d at 113).

Plaintiff's claims are pursuant to the EEOICPA for which sovereign immunity is waived to allow suit in federal district court only for the review of a final decision by the FAB.  42 U.S.C. § 7385s-6(a).  "'Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued. . . .'" *Exxon Mobil Corp. & Affiliated Cos. v. Commissioner of Internal Revenue*, 689 F.3d 191, 201 (2d Cir. 2012) (quoting *United States v. Dalm*, 494 U.S. 596, 608 (1990)).  "Absent the Government's consent to being sued, the court is without jurisdiction over a claim against the Government.  *Gardner v. United States*, 446 F.2d 1195, 1197 (2d Cir. 1971) ("A federal court has no jurisdiction of a suit against the federal government

unless its consent to be sued is affirmatively established by statute."), *cert. denied*, 405 U.S. 1018 (1972).  Further, "'[a] wavier of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text' and 'will be strictly construed, in terms of its scope, in favor of the sovereign.'"  *Exxon Mobil Corp.*, 689 F.3d at 201 (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

In the instant case, Defendant argues that § 7385s-6(a) does not provide a waiver of sovereign immunity insofar as Plaintiff challenges Defendant's refusal to pay EEOICPA benefits awarded Helen Richwalder to Helen Richwalder's estate because OWCP's January 13, 2013 Letter was not a final decision by the FAB under the Act. Defendants' Memorandum at 9-11.  Plaintiff, however, does not oppose Defendant's argument that the January 31, 2013 Letter did not constitute a final decision such that there is no basis for judicial review of the January 31, 2013 Letter; rather, Plaintiff asserts that the January 31, 2013 Letter is a final agency action by the DOL that is subject to judicial review under the APA as arbitrary and capricious, an abuse of discretion, or contrary to law.  Plaintiff's Memorandum at 6-14 (citing 5 U.S.C. § 702).  In further support of dismissal for lack of jurisdiction, Defendant reiterates that the EEOICPA waives sovereign immunity only insofar as a claimant challenges a final decision regarding a claim for benefits, but not a decision denying payment of an approved claim, but concedes this court has jurisdiction under the APA's waiver of sovereign immunity.  Defendant's Reply at 2.

Defendant is correct that the EEOICPA's waiver of sovereign immunity does not apply to Defendant's refusal to pay the benefits awarded Helen Richwalder to her estate.  *See Hammond v. United States*, 2014 WL 1277892, at *6 (D.S.C. Mar. 27,

2014) (holding plaintiff seeking payment of Part E benefits awarded recently deceased parent could not claim to be "'adversely affected or aggrieved by a final decision'" as required for a waiver of sovereign immunity because the relevant final decision authorized an award of benefits under both Parts B and E).  Similarly, Plaintiff seeks judicial review of the January 31, 2013 Letter, which is not a final decision of the FAB denying a claim for benefits but, rather, only denies payment of such benefits based on the fact that Helen Richwalder passed away prior to payment of the awarded benefits.  As such, 42 U.S.C. § 7385s-6(a) does not waive sovereign immunity as to Plaintiff's challenge to the subsequent denial of payment of the Part E benefits awarded Helen Richwalder to Helen Richwalder's estate.  *Hammond*, 2014 WL 1277892, at * 6.  Nevertheless, there is subject matter jurisdiction over this action pursuant to the APA, under which there is a limited waiver of sovereign immunity as to claims "seeking relief other than money damages."  5 U.S.C. § 702.[11]

Initially, nothing in the EEOICPA indicates a legislative intention to preclude judicial review of Plaintiff's claim under the APA.  5 U.S.C. § 701(a)(1) ( the APA "applies . . . except to the extent that - - (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.")  This exception is "construed narrowly and applies only if there is 'clear and convincing evidence of legislative intention to preclude review.'"  *Natural Resources Defense Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Japan Whaling Ass'n v. American Cetacean*

---

[11] Although the Complaint references as the source of jurisdiction 42 U.S.C. § 7385s-6 (EEOICPA Part E benefits), 28 U.S.C. § 1331 (federal question), the Complaint also maintains sovereign immunity has been waived under 5 U.S.C. § 704 (APA), Complaint ¶ 2, and asserts Plaintiff seeks review under the APA.  Complaint ¶ 3. The Complaint also references as a source of jurisdiction 28 U.S.C. § 2201 (declaratory judgment), and 28 U.S.C. § 1361 (mandamus), Complaint ¶ 2, but Plaintiff does not rely on these statutes in opposing Defendant's motion to dismiss for lack of subject matter jurisdiction.

*Society*, 478 U.S. 221, 230 n. 4 (1986)).  "'Whether and to what extent a particular

statute precludes judicial review is determined not only from its express language, but

also from the structure of the statutory scheme, its objectives, its legislative history, and

the nature of the administrative action involved.'"   *Id.* (quoting *Block v. Community

Nutrition Institute*, 467 U.S. 340, 345 (1984)).  Where, however, "'substantial doubt

about the congressional intent exists, the general presumption favoring judicial review of

administrative action is controlling.'"   *Id.* at 172 (quoting *Block*, 467 U.S. at 351).

In the instant case, 42 U.S.C. § 7385s-6 provides, as relevant, that under Part E

of the EEOICPA, "[a] person *adversely affected or aggrieved by a final decision* of the

Secretary under this part [E] may review that order in the United States district court in

the district in which the injury was sustained, the employee lives, [or] the survivor lives, .

. . by filing in such court within 60 days after the date on which that final decision was

issued a written petition praying that such decision be modified or set aside."  42 U.S.C.

§ 7385s-6(a) (italics added).  As Defendant asserts, Defendant's Memorandum at 11,

the January 31, 2013 Letter was not a final decision subject to suit under § 7385s-6(a)

with regard to Helen Richwalder's claim for EEOICPA benefits but, rather, denied

payment of such benefits to Helen Richwalder's estate based on her death prior to such

payment being made.  As such, § 7385s-6(a) does not waive sovereign immunity so as

to provide for judicial review of Plaintiff's challenge to the January 31, 2013 Letter.

Defendant's determination that Helen Richwalder's death before payment of the

awarded Part E benefits was made precluded payment of the benefits into Helen

Richwalder's estate, however, is a final agency action cognizable under the APA.  *See

Hammond*, 2014 WL 1277892, at * 6 (finding DOC's decision not to pay awarded Part E

benefits constituted final agency action for purposes of APA review).  Nor does anything within the Act indicate any congressional intent to preclude judicial review of such final agency action evidenced in the January 31, 2013 Letter, *i.e.*, explaining that Plaintiff could not obtain further administrative review of Defendant's decision to deny payment of the Part E benefits awarded Helen Richwalder to her estate because such payment could not be made to a deceased person.  *Id.* ("Upon review, the court finds that judicial review of this [EEOICPA] action is neither precluded by statute nor committed to agency discretion by law.").  Accordingly, judicial review of Defendant's decision not to pay Part E benefits as awarded to Helen Richwalder to Helen Richwalder's estate is not precluded under the APA.

Nor does the fact that the relief Plaintiff seeks, payment of benefits under the Act, is monetary in nature preclude relief under the APA insofar as Plaintiff seeks only benefits to which Plaintiff claims to be statutorily entitled but was denied payment.  *See Aetna Casualty & Surety Co. v. United States*, 71 F.3d 475, 478-79 (2d Cir. 1995) (distinguishing between a suit for damages to compensate for the government's failure to perform a duty, which was a suit for money damages for which the APA does not waive sovereign immunity, and a suit seeking to require the government to perform its duty by paying to the plaintiff funds – benefits to coal mine employees suffering from black lung disease and their survivors – held by the government on the plaintiff's behalf, for which sovereign immunity has been waived under the APA); *Zellous v. Broadhead Assocs.*, 906 F.2d 94, 99 (3d Cir. 1990) (holding tenants in action against United States Department of Housing and Urban Development were only seeking funds to which they were statutorily entitled and should have been paid all along such that requested relief

was "other than money damages" under 5 U.S.C. § 702).  Plaintiff similarly seeks funds

to which she claims a statutory entitlement that are being held by Defendant on behalf

of persons suffering illness and death from exposure to radiation and other toxic

substances while employed at DOE facilities.

Accordingly, subject matter jurisdiction over Plaintiff's claim exists under the

APA, and Defendant's Motion to Dismiss for lack of jurisdiction should be DENIED.


**B.      Failure to State a Claim**

Defendant alternatively moves to dismiss the Complaint for failure to state a

claim on which relief can be granted asserting that payment to a survivor's estate is not

authorized by EEIOCPA, Defendant's Memorandum at 12-14, and is prohibited by the

Appropriations Clause of the United States Constitution.  Id. at 14-16.  Plaintiff argues in

opposition that the January 31, 2013 Letter's denial of payment of benefits previously

awarded to Helen Richwalder to Helen Richwalder's estate was arbitrary, capricious

and not in conformance with EEOICPA which does not define the phrase "alive at the

time of payment."  Defendant's Memorandum at 14-17.  According to Plaintiff,

Defendant's reference to the EC-20 form as an "Acceptance of Payment" form

establishes that by signing and returning both EN-20 forms prior to Helen Richwalder's

death, Plaintiff accepted payment, precluding Defendant's refusal to pay based on

Helen Richwalder's later death.  *Id.*  Plaintiff further argues the Appropriations Clause

does not apply where payments are made as authorized by statute.  *Id.* at 17.  In further

support of dismissal, Defendant argues that requiring DOL to pay compensation not

authorized by the EEOICPA would violate the Appropriations Clause.  Defendant's

Reply at 5-7.

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), the court

looks to the four corners of the complaint and is required to accept the plaintiff's

allegations as true and to construe those allegations in the light most favorable to the

plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d

50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true

all factual allegations in the complaint, and draw all reasonable inferences in the

plaintiff's favor).  The Supreme Court requires application of "a 'plausibility standard,'

which is guided by '[t]wo working principles.'"  *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir.

2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009)).  "First, although 'a court must accept as true all of

the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal

conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice.'"  *Harris*, 572 F.3d at 72 (quoting *Iqbal*,

556 U.S. at 678).  "'Second, only a complaint that states a plausible claim for relief

survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible

claim for relief will . . . be a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense.'"  *Id.* (quoting *Iqbal*, 556 U.S. at

679).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim will have 'facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678); *see Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face").  The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570.

"'In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached, and any document upon which the complaint heavily relies.'" *ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. June 25, 2014) (quoting *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013)).  Here, Plaintiff has attached as exhibits to the Complaint copies of several documents and pieces of correspondence generated in connection with the EEOICPA claim.  Even a liberal construction of the Complaint, including the attached exhibits, however, fails to set forth sufficient factual allegations to state a plausible claim for relief for several reasons.

Under the APA, "[a] reviewing court must hold unlawful and set aside agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007) (quoting 5 U.S.C. § 706(2)(A)).  The scope of review under the APA is narrow and courts are not to substitute their judgment for that of the agency. *Guertin v. United States*, 743 F.3d 382, 385 (2d Cir. 2014).  An agency decision may "only be set aside if it 'has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the

evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Id.* (quoting *Bechtel v. Administrative Review Board*, 710 F.3d 443, 446 (2d Cir. 2013)).  In the instant case, the Complaint fails to state a claim entitling Plaintiff to relief under any of the standards of review under the APA, including that Defendant's decision to not pay the EEOICPA benefits to Helen Richwalder's estate was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

First, Plaintiff's argument presumes that Defendant's refusal to pay the EEOICPA benefits to Helen Richwalder's estate is arbitrary and capricious, when a plain reading of the Complaint and its attached exhibits fails to establish such denial resulted from anything other than, at worst, negligence.  Specifically, in her December 21, 2012 Objections to the DOL, Plaintiff attributed the refusal to pay the EEOICPA benefits to Helen Richwalder's estate to an error and negligence on the part of the DOL, specifically, typing the incorrect account number on the First EN-20 initially completed on October 24, 2012, thereby rendering the First EN-20 "useless."  December 12, 2012 Objections at 1 ("The denial occurred solely as a result of negligence by employees of the U.S. Department of Labor and Helen Richwalder is the innocent victim of errors by department employees and it is wrongful to punish Helen Richwalder for this negligence by department employees."), and 2 ("But for the negligence solely in the Department of Labor, this claim would have been paid as it was timely submitted and Helen Richwalder was alive at the time.").  Significantly, a perceived wrong resulting from an arbitrary and capricious act is distinct from one resulting from negligence.  *See Beins v. United States*, 695 F.2d 591, 598 (D.C.Cir. 1982) (holding appeal under the APA of

19

alleged violation of the Federal Aviation Act did not preclude district court from hearing pilot's Federal Tort Claims Act claim against Federal Aviation Administration because, *inter alia*, 'an administrative appeal determines whether the agency action was in excess of statutory jurisdiction and authority, without observance of procedure required by law, contrary to constitutional right and power, arbitrary and capricious, or otherwise not in accordance with law. . . ; these determinations are distinct conceptually from a finding of negligence, the linchpin of the FTCA." (citing 5 U.S.C. § 706)); *see also In re Franklin National Bank Securities Litigation*, 478 F.Supp. 210, 216 (E.D.N.Y. 1979) (distinguishing that although "the government will not be held liable for negligent acts or omissions, it may be liable when its regulatory activity has been 'grossly arbitrary and capricious.'" (quoting *In re Franklin National Bank Securities Litigation*, 445 F.Supp. 723, 734 (E.D.N.Y. 1978)) and citing cases).  Accordingly, the Complaint admits Defendant's refusal to pay the EEOICPA benefits to Helen Richwalder's estate is based on error and negligence, rather than some arbitrary and capricious decision by the OWCP.

Second, the Complaint fails to state a claim that Defendant's failure to pay the awarded EEOICPA benefits to Helen Richwalder's estate was an abuse of discretion or contrary to applicable law.  To the contrary, the relevant regulation promulgated under the EEOICPA specifically provides that "[a] survivor must be alive to receive any payment under EEOICPA; there is no vested right to such payment."  20 C.F.R. § 30.101(c) ("§ 30.101(c)").  *See also* 42 U.S.C. §§ 7384s(e)(1)(A) (requiring payment of EEOICPA benefits only to "a spouse who is living at the time of payment. . ."); and 7385s-3(c)(1) (permitting payment only "if a covered spouse is alive at the time of

payment. . . ").  It is undisputed that Helen Richwalder died on November 1, 2012, before the EEOICPA benefits awarded to her could be delivered to her via electronic fund transfer in accordance with the instructions provided on the Second EN-20 which Defendant received on October 31, 2012.

As to Plaintiff's assertion that Defendant is precluded from refusing to forward the awarded EEIOCPA benefits because Helen Richwalder timely completed and returned the Second EN-20 form, referred to by Defendant as an "Acceptance of Payment" form, thereby establishing Helen Richwalder was alive "at the time of payment" as required under § 30.101(c), Plaintiff's Memorandum at 16, a plain reading of the EN-20 form establishes that its completion and timely return to Defendant does not constitute an acceptance of payment, regardless of what language Defendant uses in referring to such form.  Rather, the EC-20 form merely instructs a claimant whose EEOICPA benefit application has been accepted to provide information as to the manner in which the claimant desires to receive payment of the awarded EEOICPA benefits, permitting a choice between either an electronic funds transfer, for which financial institution routing and account numbers are requested to arrange for the funds transfer, or by check.  That Helen Richwalder timely completed and returned both the First and Second EN-20 forms to Defendants thus cannot be construed as acceptance of payment such that Helen Richwalder was alive "at the time of payment."  20 C.F.R. § 30.101(c).  Therefore, Defendant's refusal to transfer funds in accordance with the Second EN-20 form is neither an abuse of discretion nor contrary to law.

Nor is there any merit to Plaintiff's argument, Plaintiff's Memorandum at 16, that Defendant's promulgation of the regulation on which Defendant relies in denying

payment of the EEOICPA benefits to Helen Richwalder's estate, 20 C.F.R. § 30.101(c),

is inconsistent with the Act which does not similarly provide that there is "no vested right

to compensation" under the Act.  Rather, the Act contains several provisions that

require payment of EEOICPA benefits only to "a spouse who is living at the time of

payment . . ," 42 U.S.C. § 7384s(e)(1)(A), and only "if a covered spouse is alive at the

time of payment. . . ."  42 U.S.C. § 7385s-3(c)(1).[12]  Significantly, the concept of a

"vested right" as Plaintiff asserts, is absent from the Act, and Plaintiff does not contend

otherwise.  Accordingly, the EEOICPA does not permit payment of benefits to a

deceased spouse's estate.  *See cf.*, *Healy v. Rich Products Corp.*, 981 F.2d 68, 72 (2d

Cir. 1991) (distinguishing under ERISA between welfare benefits, in which an employee

is not vested, and pension benefits, in which an employee is vested).

        Finally, as Defendant argues, Defendant's Memorandum at 14-16; Defendant's

Reply at 6-7, payment of the EEOICPA benefits awarded to Helen Richwalder to the

estate of Helen Richwalder would violate the Appropriations Clause.  Specifically, the

Appropriations Clause provides that "[n]o money shall be drawn from the Treasury, but

in Consequence of Appropriations made by Law."  U.S. Const. Art. I, § 9, cl. 7.  The

Appropriations Clause has consistently been construed as precluding the payment of

money on a claim against the government except as authorized by statute.  *Office of*

*Personnel Management v. Richmond*, 496 U.S. 414, 424 (1990) ("the payment of

money from the Treasury must be authorized by a statute.").  This is true even where,

as here, Defendant's refusal to pay the EEOICPA benefits awarded to Helen

---

[12]  The wisdom of or rationale for such a seemingly harsh restriction is, of course, beyond the scope of this court's review power, and Plaintiff does not assert any substantive due process challenge as to these statutes, the regulation, or a procedural due process challenge to Defendant's refusal to make payment to Helen Richwalder's estate.

Richwalder is based on Defendant's own error.  *See Jacobson v. Metropolitan Property & Casualty Insurance Company*, 672 F.3d 171, 177 (2d Cir. 2012) ("The Supreme Court has made clear that 'judicial use of the equitable doctrine of estoppel cannot grant respondent a money remedy that Congress has not authorized.'" (quoting *Richmond*, 496 U.S. at 426)).   Nor does Plaintiff allege that Defendant's printing of an incorrect account number on the First EN-20 form was affirmative or deliberate misconduct such that Defendant could be estopped from relying on the applicable statutes and regulation in declining to pay the EEOICPA benefits to Helen Richwalder's estate.

Accordingly, the Complaint fails to set forth a plausible claim that the DOL's refusal to pay EEOICPA benefits awarded to Helen RIchwalder to her estate was based on a determination that was arbitrary and capricious, an abuse of discretion, or not in accordance with law.

## <u>CONCLUSION</u>

Based on the foregoing, Defendant's Motion (Doc. No. 8) should be DENIED as to jurisdiction but GRANTED insofar as the Complaint fails to state a claim; Plaintiff's Motion (Doc. No. 12) is DISMISSED as moot.  The Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      September 18, 2014
                   Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        September 18, 2014
              Buffalo, New York